## William Chersky Joint Enterprises, Appellant, v. Board of Adjustment.

34

Argued October 4, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold Gondelman*, with him *Herbert Jacobson*, and *Jacobson & Gondelman*, for appellants.

*Frederick A. Boehm*, Assistant City Solicitor, for appellee.

*Gilbert E. Morcroft*, for intervening appellees.

OPINION BY MR. JUSTICE O'BRIEN, June 29, 1967:

Appellants, William Chersky Joint Enterprises and Industrial Safety Belt Corporation, are the owner and lessee, respectively, of a six-floor building at 568 South Aiken Avenue in the City of Pittsburgh. Under the 1923 Pittsburgh Zoning Ordinance, the property was zoned light industrial. The 1958 Master Zoning Ordi-

nance of the City of Pittsburgh rezoned the property to R-2, two-family residence district. When the 1958 ordinance was enacted, various commercial and manufacturing operations were being conducted in the building.

Industrial Safety Belt is engaged in the manufacture and storage of various plastic and leather products on the 3rd, 4th, 5th and 6th floors of the building. Such operation is conducted under a special exception granted by the board of adjustment on January 17, 1964. At that time, the board of adjustment, pursuant to Industrial Safety Belt's application filed in September of 1963, granted permission for the "change of nonconforming use to another non-conforming use". The board at that time imposed conditions, limiting the hours of operation from 7:00 A.M. to 7:00 P.M. on week days with no Sunday operations to be conducted, and required that all the latest precautions should be taken to eliminate noise. This decision of the board was appealed by residents of the neighborhood to the County Court of Allegheny County, which affirmed. We denied certiorari.

On July 7, 1965, Industrial Safety Belt applied for an occupancy permit, requesting permission to use the 1st and 2nd floors. The zoning administrator disapproved the application on the ground that the request could only be granted by the board of adjustment as a special exception. Industrial Safety Belt then applied to the board of adjustment for a special exception. The request was denied by the board, and the denial was affirmed by the County Court of Allegheny County. We granted certiorari.

Appellants contend that the decision of the board of adjustment constitutes an abuse of discretion; that the court below abused its discretion in refusing to allow appellants to introduce additional testimony in the court below; that the board of adjustment com-

mitted an error of law in its construction of the zoning ordinance; and that the board's decision deprived them of property without due process of law.

Initially, we find no abuse of discretion by the court below in refusing to hear additional evidence proffered by appellants. The record includes a conference in chambers among counsel and the court below, during which counsel for appellants indicated to the court the nature of the testimony which he wished to present. Our review of the record before the board of adjustment and the conference held on the appeal in the court below causes us to agree with the court below that "all of the proposed evidence outlined in appellants' counsel's offer would be either repetitious of that before the Board or would not be material to a determination of this Appeal." Having decided that the court below was correct in not taking additional testimony, we must now determine whether the board of adjustment clearly abused its discretion or committed an error of law. *Cleaver v. Board of Adjustment,* 414 Pa. 367, 200 A. 2d 408 (1964) and cases cited therein.

The principal contention of appellants is that Industrial Safety Belt's operation was in existence prior to the amendment of the 1958 zoning ordinance, and that that operation, therefore, constitutes a legal prior nonconforming use. Expanding this argument to its logical conclusion, Industrial Safety Belt would be entitled, as a matter of right, to a normal expansion of that nonconforming use. There can be no doubt that nonconforming uses are protected and are, indeed, entitled to natural growth and expansion. *Upper Darby Township Appeal,* 391 Pa. 347, 138 A. 2d 99 (1958); *Blanarik Appeal,* 375 Pa. 209, 100 A. 2d 58 (1953).

The difficulty arises in determining from the record whether Industrial Safety Belt's operation within the structure did, indeed, exist at the time of the enactment of the 1958 ordinance. The record does not sup-

port such a conclusion. What the record does show is that Industrial Safety Belt, in 1964, was granted a special exception in accordance with the applicable provisions of the 1958 zoning ordinance, which exception permitted a change from one nonconforming use within a nonconforming structure to a different nonconforming use within the structure. Had Industrial Safety Belt's operation existed in 1958, there would have been no need for a special exception in 1964 to continue the operation. Appellees contend that a different manufacturing operation, under different management, occupied the premises in 1958. The record does not sustain such a finding any more than it does a finding that Industrial Safety Belt was in possession and operating at that time. Since the evidence is not such as to permit a conclusion one way or the other, we can only assume that Industrial Safety Belt knew what it was doing in 1964 when it applied for, and was granted, a special exception.

Since Industrial Safety Belt cannot be said to have had a nonconforming use at the enactment of the 1958 zoning ordinance, its present use and occupancy of the structure is wholly dependent upon the special exception granted in 1964, and its requested change in its current status must be governed, not by a legal right to expand a nonconforming use, but rather, by the provisions of the Pittsburgh Zoning Ordinance of 1958, relative to special exceptions.

Section 704, 2D of the ordinance, provides for the "extension of a non-conforming use within a non-conforming structure or for the change of such use within a non-conforming structure to another non-conforming use that is determined by the Board to be no more detrimental to the neighborhood . . ." Section 2903-3-A(7) permits the extension of a nonconforming use within a nonconforming structure or the change of such use within a nonconforming structure to another non-

conforming use that is determined by the board to be no more detrimental to the neighborhood in any district, provided in each case that all technical advances pertaining to such nonconforming use are utilized and the time of operation of use is so scheduled as to minimize the detrimental effect of such use on the adjacent structures and uses. The board of adjustment found that the noise now produced by appellant's operations is a source of great disturbance and discomfort to the inhabitants of the surrounding residential area. It further found that extension of the hours and days of operation would aggravate the existing disturbances to adjoining residents, and that the requested change for extension, if permitted, would be more detrimental to the adjoining residential neighborhood than the existing use of the structure. The record before the board fully supports its findings.

Order affirmed.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice MUSMANNO dissents.