## DeCristoforo, Petitioner, *v.* Philadelphia Zoning Board of Adjustment.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Irvin Stander,* for petitioner.

*Edward G. Bauer, Jr.,* City Solicitor, and *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, for respondent.

OPINION PER CURIAM, October 3, 1967:

In November 1964, appellant obtained from the Philadelphia Zoning Board of Adjustment a variance to enlarge his plant. The plant is utilized for the manufacture of stone memorials and is located in an area zoned "R-9" Residential. After an unsuccessful application in December 1965 for another variance permitting the operation of a retail furniture store, appellant again submitted a request for a furniture store variance. The zoning board held a hearing on this application and denied it on February 28, 1967; the board's denial was affirmed without opinion and without the taking of additional testimony by the court of common pleas. Appellant thereupon filed a petition for certiorari under Supreme Court Rule 68½. We grant the petition and hereby remand the record to the zoning board for further consideration consistent with this opinion.

We have repeatedly held that, where the court below does not take additional testimony, this Court reviews the record to determine whether the board committed an error of law or any manifest abuse of discretion. See, e.g., *William Chersky Joint Enterprises v. Board of Adjustment,* 426 Pa. 33, 231 A. 2d 757 (1967) ; *Gross v. Zoning Board of Adjustment,* 424 Pa. 603, 227 A. 2d 824 (1967). The zoning board, in findings of fact 6 through 9, discloses that its denial of a variance was based in great measure upon its belief that appellant, when he applied for the 1964 variance, intended to utilize the enlarged structure for the sale of furniture. At the hearing before the board only ap-

pellant and his son testified; they insisted that, in 1964, they fully intended to use the enlarged building for stone cutting. Simply, there is *no* evidentiary support for the board's finding that appellant concealed his true intentions from the board. For the zoning board to ground its order upon findings unsupported by the record clearly constitutes a manifest abuse of discretion.

The findings of fact of the zoning board, or any other administrative body, must be based upon the evidence presented to it and not upon unsupported conjecture. It is obvious that the board's finding of deception may have infected its denial of appellant's request and that appellant's application for a variance should be considered without reference to unsupported findings as to his motive.

The judgment of the Court of Common Pleas of Philadelphia County is reversed, the order of the Philadelphia Zoning Board of Adjustment is vacated and the record remanded to the Philadelphia Zoning Board of Adjustment for further proceedings consistent with this opinion.