## Pagano Appeal

*James E. O'Neill, Jr.,* for appellants.
*Lawrence E. Wood,* for respondent.

KURTZ, J., September 20, 1968.—The only question presented by this appeal from the decision of the Zoning Board of Adjustment of West Goshen Township which requires decision is whether a new building, twice the size of an existing one, may be erected immediately adjacent to the present building on the appellants' lot under the doctrine of the expansion of a nonconforming use, so that it might be used as a grocery store, sandwich and pizza shop, for both on-site and off-site consumption of food, when the present operation does not include the on-site feature of the one proposed. The record indicates that if the permission sought is granted, the existing building will be abandoned as a place in which food or groceries are sold for any purpose, and that that building will then be put to other uses; probably as a beauty shop.

The board of adjustment answered that question in the negative. Since no testimony has been taken in this court, we must review the record made before the board to determine whether it has abused its discre-

tion or committed an error of law: William Chersky Joint Enterprises v. Board of Adjustment, 426 Pa. 33, 36 (1967). We think that the board reached a proper decision.

"The rule as to nonconforming uses was evolved as a conceived element of due process, it is not a special privilege or exemption from the scheme of zoning": Molnar v. George B. Henne & Co., Inc., 377 Pa. 571, 581 (1954). That doctrine is employed in those cases where a *necessary* addition to or a natural expansion of a pre-existing use is required in order to satisfy the requirements of due process: Molnar, supra, p. 580.

In the instant case, appellant, Santo Pagano, testified that if the building for which he seeks a permit is built, he will transfer all of his business as it is presently conducted into that building, and that he will expand that business to include the sale and serving of food for on-site consumption. He testified further that after that transfer has been accomplished, he will rent the existing building for commercial use within the limitations imposed by the zoning ordinance. By so doing he will be acquiring a building for a different and additional use. It is obvious that the new building is not to be used as a unit necessary to the natural growth and expansion of his present use, but on the contrary, this method is employed as a means of establishing another business upon his land which has no connection with the original.

If appellants are permitted to make this change in the use of their property, they should also be permitted, upon a subsequent application, to build other structures upon their land into which they could move their original business as expanded, and then use the buildings now in question for some other or different purpose. In time, if this practice were to continue, a shopping center would have been established upon this land. Such a result is not the function of the doctrine

now being considered. The change of use proposed by the appellants is not a *necessary* addition to or a *natural expansion* of the pre-existing use.

For that reason, the decision of the board of adjustment must be and is hereby affirmed. We express no opinion as to the other contentions offered by the parties to this appeal.