## Zoning Hearing Board *v.* Slavitz.

Argued October 4, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, and MENCER.

*William H. Lamb*, with him *Lamb, Windle & McErlane*, for appellant.

*Lawrence E. Wood*, for appellee.

OPINION BY JUDGE MENCER, December 7, 1971:

Max Slavitz (Slavitz) is a part owner of a tract of land containing 21 acres in West Whiteland Township in Chester County. Acting for all the owners, he applied to the Zoning Hearing Board of West Whiteland Township (Board) for a special exception which would provide the necessary permission to build 252 garden type apartment units on this land. Since the land was in an "R-3" residence district, it was necessary for Slavitz to establish that the contemplated building project could be authorized under the zoning ordinance as a special exception.

The Board, after hearing, denied Slavitz his application for special exception and he appealed to the Court of Common Pleas of Chester County which, without taking any evidence, reversed the Board. The Board has now appealed to this Court.

Garden type apartments are permitted by special exception under the ordinance involved here. Since the lower court took no additional testimony, our function is to determine whether the Board clearly abused its discretion or committed an error of law. *Cleaver v. Board of Adjustment*, 414 Pa. 367, 200 A. 2d 408 (1964). A special exception is allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist. *Lukens v. Ridley Township Zoning Board*, 367 Pa. 608, 80 A. 2d 765 (1951). We said in *Berlant v. Zoning Hearing Board of Lower Merion Township*, 2 Pa. Commonwealth Ct. 583, 586, 279 A. 2d 400, 401 (1971): "A special exception is not an 'exception' to a zoning ordinance. It is a permitted use which an appli-

cant is entitled to have, unless the Board determines, according to the standards in the zoning ordinance, that the use would adversely affect the community."

Section 21.03 of the West Whiteland Township zoning ordinance provides that garden type apartments may be permitted as a special exception, subject to the following terms and conditions:

"1.  A minimum lot area of five (5) acres.

"2.  A minimum lot width of four hundred (400) feet at the building line.

"3.  There shall be two side yards of at least fifty (50) feet each and a minimum separation of fifty (50) feet between structures.

"4.  The building set back shall be one hundred (100) feet from the nearest public right-of-way.

"5.  The rear yard shall be one hundred (100) feet.

"6.  The building height shall not exceed two (2) dwelling stories or twenty-eight (28) feet, whichever is less.

"7.  Not more than twenty-five percent (25%) of the lot shall be occupied by principal and accessory buildings, except when accessory buildings include tenant garages the maximum lot coverage shall be thirty-five percent (35%).

"8.  The dwelling unit density shall not exceed fourteen (14) dwelling units for each forty-three thousand (43,000) square feet of lot area.

"9.  There shall be at least one and one-half (1½) parking spaces for each dwelling unit.

"10.  The length of the apartment building shall not exceed four (4) times the width, measured from the exterior face of the walls.

"11.  The architectural design of all buildings shall conform to the general architectural design of buildings in the immediate vicinity.

"12.  All plans shall be reviewed by the Planning Commission prior to the time an application is made

to the Board of Adjustment for the special exception, and the Board of Adjustment shall consider all recommendations of the Planning Commission."

The testimony and exhibits produced before the Zoning Hearing Board shows Slavitz's plan to comply with the applicable terms and conditions as follows:

1. Minimum lot area—not quite twenty-one acres.

2. Minimum lot width—eleven hundred eight and one-half feet.

3. Side yards and separation between structures—fifty feet.

4. Building setback—one hundred feet.

5. Rear yard—one hundred feet.

6. Building height—two-story, less than twenty-eight feet.

7. Lot coverage—eighteen to twenty percent.

8. Dwelling unit density—twelve and six-tenths dwelling units per forty-three thousand square feet.

9. Parking spaces—at least one and one-half for each dwelling.

10. Building length—not exceeding four times the width.

11. Architectural design—set forth in Exhibit A-2 and is in keeping with the appearance of the dwellings in the vicinity.

12. Planning Commission—preliminary plans and drawings were submitted to the Planning Commission and that Commission reviewed the plans and made recommendations.

We think that Slavitz has shown his entitlement to the special exception he seeks by showing that his proposed use is an allowable use and that he will comply with the terms and conditions specified by the zoning ordinance. To require landowners, who wish to use their land for a permitted use, to do more would be unreasonable.

*Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957), held that the burden is not upon the applicant for a special exception to establish that the proposed use would not adversely affect the health, safety and morals of the community. The protestors have the burden to establish that the proposed use would adversely affect the health, safety and morals of the community. Here, on the record before the Board, the protesters failed to meet that burden.

Since Slavitz's plan complied with the terms and conditions of the ordinance for issuance of a special exception and there was no evidence compelling a conclusion that the grant of the special exception was contrary to the health, safety and morals of the community, we find the Board committed an error of law in denying Slavitz's application for a special exception.

The order of the lower court is affirmed.