Stack, et ux. *v.* Episcopal Residences, Inc.

Argued October 20, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS. Judge MANDERINO did not participate in the decision.

*William R. Grove,* with him *Hollinshead & Mendelson,* for appellants.

*David W. Craig,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 10, 1972:

This is an appeal from a decision and order of the Court of Common Pleas of Allegheny County in which Judge LENCHER reversed a decision of the Zoning Board of Adjustment of the City of Pittsburgh and directed the issuance of a building permit to appellees.

The property which is the subject of inquiry and determination is the Episcopal Church Home, a structure for the care of the elderly. The appellee operates the Home and had applied for a building permit to construct a substantial extension of the existing building. A plan for a proposed extension was approved by ordinance[1] of the City Council. The application was approved by the Zoning Administrator of Pittsburgh but was subsequently denied by the Zoning Hearing Board because of the appeal inspired by the present appellant, a neighbor. The Court of Common Pleas of Allegheny County took additional testimony and issued findings of fact, conclusions of law and a determination reversing the Board. We now have it.

Appellant contends that the proposed addition cannot be considered an extension of the existing structure but is in reality a separate building which under the City zoning ordinance, requires a separate lot. Appellant further contends that the ordinance of the City Council which approved a plan for an extension did not define an extension, nor did City Council determine that this particular structure would be an extension. The determination, in appellants' view of whether this particular structure was an extension or a separate building was made by the Zoning Board of Adjustment. The Board held that this would be a separate building.

---

[1] Ordinance No. 687, Bill No. 2257, approved December 24, 1969.

We are of the opinion that these contentions do not merit reversal of the decision of the lower court.

In general, when the lower court takes no additional evidence in reviewing the action of a zoning board, its scope of review is limited to determining whether the board committed a manifest abuse of discretion or error of law. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A. 2d 426 (1970); *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A. 2d 81 (1968); *National Land and Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A. 2d 597 (1965); *Burgoon v. Zoning Board of Charlestown,* 2 Pa. Commonwealth Ct. 238, 277 A. 2d 837 (1971).

In the instant case, however, the lower court took additional evidence and issued additional findings of fact. Under these circumstances the lower court decides the issue presented on its merits and may reach a different result. Accordingly, our role is to review the lower court's decision, as distinguished from the Board's. *Pyzdrowski, supra* at 485, *Pogalski v. Upper Chichester Twp.,* 406 Pa. 550, 178 A. 2d 712 (1962). We hold that the lower court did not commit a manifest abuse of discretion or error of law.

It is undisputed that the existing structure and the proposed wing are to be physically connected to each other, have internal access by hallways, share many common facilities, as well as a common fire alarm system. The uses of the two wings will also be closely related since both will provide services and facilities for the aged. Since there is such "ready access from one part of the structure to another" the determination that this is an extension and not a separate building is certainly reasonable. *See Fleishon v. Phila. Zoning Board of Adj.,* 6 D. & C. 2d 337, 348 (1955), *affirmed* 385 Pa. 294, 122 A. 2d 673 (1956).

The fact that the original plans filed by appellant were for a separate building is not important so long as the final plans called for interconnection of the two wings. As recognized by the lower court, the Pennsylvania Supreme Court has stated: "It is never an illegal evasion to accomplish a desired result, lawful in itself, by discovering a legal way to do it." *Greenhalgh v. Woolworth*, 361 Pa. 543, 550, 64 A. 2d 659, 663 (1949). Thus it was permissible for appellees to modify the specifications in order to have this proposed structure considered as an extension.

The lower court was not unreasonable in holding, on the basis of the testimony, that the proposed structure in question would be an extension of the existing building and not a separate building. Accordingly, we affirm the order of the lower court which directed that the building permit should issue.