City of Pittsburgh *v.* Herman, et al.

Argued October 31, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John R. Valaw,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellant.

*George H. Ross,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 3, 1973:

This is an appeal by the City of Pittsburgh from a decision of the Court of Common Pleas of Allegheny County which reversed the decision of the Pittsburgh Board of Adjustment and directed that an application for a special exception filed by appellee Pocci be issued.

Pocci is the lessee of certain premises located at 729 Mellon Street, Pittsburgh. In September of 1971 he filed an application for an occupancy permit for the premises which requested a special exception to occupy the premises as a restaurant and lounge on the first floor and an apartment on the second floor. At the time of the application, the premises had been occupied as a bakery on the first floor, a nonconforming use under the applicable zoning ordinance. This application was denied by the Board of Adjustment.

On appeal to the Court of Common Pleas of Allegheny County, Judge LENCHER took additional testimony and reversed the decision of the Board. The appeal now lies here.

The subject property has at all times been located in an "R-3" Multiple Family Residential District and as we have noted previously the bakery has operated there as a nonconforming use. The Pittsburgh zoning ordinance allows the change of one nonconforming use

into another by special exception if it is found by the Board to be *not more detrimental* to the neighborhood.[1]

Appellant here contends (1) that the lower court erred in concluding that the proposed use was not more detrimental to the neighborhood than was the former bakery; and (2) that the lower court erred in concluding that the city had failed to meet its burden of producing credible evidence that the requested use would be more detrimental to the neighborhood than the former nonconforming use.

We disagree with appellant and hold that the decision of the lower court must be affirmed.

In any appeal from the action of a zoning board, wherein the lower court took additional testimony, the scope of review of the lower court's decision by the Commonwealth Court is limited to a determination of whether the lower court committed a manifest abuse of discretion or an error of law. *Stack v. Episcopal Residences, Inc.*, 4 Pa. Commonwealth Ct. 145, 285 A. 2d 925 (1972); *Hauck v. Wilkes-Barre City Zoning Bd. of Adjustment*, 2 Pa. Commonwealth Ct. 76, 276 A. 2d 576 (1971).

---

[1] Section 2703-2B of the Ordinance provides: "In a nonconforming structure a nonconforming use may be continued. But if the nonconforming structure is changed to, or altered to be, or rebuilt as, a conforming structure, the use thereafter shall be in conformity with the provisions of this ordinance.

"A nonconforming use in a nonconforming structure may be extended within the structure or may be changed to a nonconforming use or to another nonconforming use not more detrimental to the neighborhood as a special exception by the Board of Adjustment." Other subsections of the Ordinance provide standards by which the Board may be guided in determining the propriety of granting a special exception. It should be noted that this case is not similar to *Urbano v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 297, 294 A. 2d 403 (1972). In that case, one change of one nonconforming use to another was allowed by right without an application for a special exception.

The lower court determined that although the area was zoned R-3, the "great majority of the premises located there were of a commercial nature, namely, a laundry, a beauty shop, body repair shop, grocery store with a beer license, barber shop. There is competent evidence in the record to support these findings. It is not within the province of this Court to substitute its judgment for that of the court below where there is competent evidence to support the lower court's findings, *Township of Lower Yoder v. Weinzierl*, 2 Pa. Commonwealth Ct. 289, 291-92, 276 A. 2d 579 (1971), especially when analysis and comprehension of the facts and law are as well delineated as in the case before us.

The lower court also determined that the reason for the Board's denial of the special exception, that late hours normally accompany the operation of a lounge, was unmeritorious. Once again, the function of the court below, having heard additional testimony, was to decide the case on its merits and on appeal this Court will not substitute its judgment. *Pantry Quik, Inc. v. Zoning Bd. of Adjustment*, 1 Pa. Commonwealth Ct. 326, 274 A. 2d 571 (1971).

The appellant's second contention is that the lower court erred in concluding that the city had failed to meet its burden of producing credible evidence that the requested use would be more detrimental to the neighborhood than the former nonconforming use.

No one now can reasonably dispute that the burden of proving that a proposed use under a special exception to a zoning ordinance would adversely affect the health, safety or morals of a community is upon a protestant to the granting of such special exception. *Zoning Hearing Board v. Slavitz*, 3 Pa. Commonwealth Ct. 495, 499, 284 A. 2d 337 (1971) ; *Mignatti Construction Company, Inc.'s Zoning Application*, 3 Pa. Com-

monwealth Ct. 242, 249, 281 A. 2d 355 (1971). Appellant argues, however, that since this case involves a change of one nonconforming use to another, the burden should shift to the applicant to show that the proposed use is not more detrimental to the neighborhood. We disagree.

It must be remembered that a special exception is not truly an exception to a zoning ordinance but a *permitted use* absent a determination of an adverse effect on the community. *Berlant v. Lower Merion Township Zoning Hearing Board*, 2 Pa. Commonwealth Ct. 583, 586, 279 A. 2d 400 (1971). Thus it is a use that is legislatively allowed by an ordinance subject to approval by the board of adjustment. A change of one nonconforming use to another fits squarely in with such treatment of special exceptions, so long as it is permitted by the ordinance.

Such a legislatively permitted change is as much a special exception as, for example, an allowance in an ordinance of a use for educational purposes in a residential zone. The burden to prove the adverse effect on the community is no different. In short, the protestants to the proposed change of the nonconforming use which is permitted by the ordinance have the burden of showing the adverse effect on the community.[2]

---

[2] Although not raised here, it might be argued that in order to initally show that the proposed change falls within the provisions for the special exception in the ordinance, the applicant here must first show that the use is not more detrimental to the neighborhood because the ordinance does allow such a change of nonconforming use when not more detrimental to the neighborhood. To dispel that contention, see *Delaware County Community College Appeal*, 435 Pa. 264, 254 A. 2d 641 (1969). That case involved an application for a special exception under an ordinance that required the board of adjustment to determine whether the use would be detrimental to the area. The Supreme Court held that the burden was still on the protestants to show the adverse effect on the area. The applicant,

We are guided by our Supreme Court in cases which involved applications for special exceptions to change one nonconforming use to another. In *Chersky Joint Enterprises v. Board of Adjustment,* 426 Pa. 33, 231 A. 2d 757 (1967), our Supreme Court considered a similar ordinance which permitted the change of one nonconforming use to another subject to the board's approval. In affirming the lower court, Mr. Justice O'BRIEN made no references to a change of burden, hence we consider this to be established Pennsylvania Law. *Also see Stoner v. Pottsville Zoning Board,* 413 Pa. 462, 198 A. 2d 510 (1964).

Order affirmed.

in order to fit his proposed use within the provisions of the ordinance, did not have that burden.