Township of Abington, Appellant, *v.* Rocks Associates, Inc., Appellee.

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Daniel B. Michie, Jr.,* with him *Fell, Spalding, Goff & Rubin,* for appellant.

*Donald A. Gallager,* with him *Waters, Fleer, Cooper & Gallager,* for appellee.

OPINION BY JUDGE ROGERS, November 9, 1973:

The appellee in this zoning case, Rocks Associates, Inc., the equitable owner of a lot of land located on Easton Road, Abington Township, Montgomery County, applied to the Township Zoning Hearing Board for a special exception to make alterations to a building thereon and thereafter to use the property as a car wash and gasoline sales station. The Board denied the exception but the Court of Common Pleas reversed. This appeal by the township followed.

The record owner of the lot in question had used it for many years as a gasoline sales and service station but his most recent use was as a commercial garage only. These uses of the property were nonconforming in the F-1 commercial zoning district of the township in which the lot was located. The Abington Township zoning ordinance provides, however, for a change of an existing nonconforming use to another nonconforming use of the same or more restricted classification as of right, unless structural alterations are proposed, in which case the change of use requires the grant of a special exception. A change from garage to car wash

use are within the same classification under the ordinance but as substantial alterations of the garage building, extensive paving of the lot and the construction of gasoline pumps were required to fit the premises to the new use, the appellee needed a special exception.

The appellee's case was presented to the Zoning Hearing Board in a somewhat routine fashion. A representative of Rocks Associates described the contemplated use and its professional engineer presented his plans for the new installation establishing that the contemplated car wash complied with all of the technical standards of the zoning ordinance for this type of operation. The appellee adduced no evidence in chief concerning traffic congestion and made no effort to rebut substantial testimony of neighborhood witnesses that (1) Easton Road is a heavily traveled highway subject to traffic congestion, (2) that the premises is located on a curve of Easton Road and at an intersection of a street from which it is difficult to enter Easton Road, and (3) that there is nearby a grade crossing of the Reading Railroad where trains cross Easton Road each 45 minutes causing traffic to back up in Easton Road. Indeed, the court below noted that "Easton Road has a sharp curve near the property and is a heavily traveled artery. The railroad crossing has been present many years and causes traffic to back up when the gates are down."

The court below took no evidence. Our function, therefore, is that of determining whether the Zoning Hearing Board, invested by the enabling legislation and the township ordinance with making the determination in this matter, abused its discretion or committed an error of law. *Clawson et al. v. Harborcreek Zoning Hearing Board,* 9 Pa. Commonwealth Ct. 124, 304 A. 2d 184 (1973).

The appellee under the law was required to show, as it did, that its proposed change of nonconforming

use was one allowable by special exception and that the new use met specific standards imposed by the ordinance upon car wash establishments. *Berlant v. Lower Merion Township Zoning Hearing Board,* 2 Pa. Commonwealth Ct. 583, 279 A. 2d 400 (1971). Among general criteria for special exceptions of the Abington Township ordinance are: the suitability of the proposed use with respect to its effects upon traffic and streets in the area and the adequacy of proposed access to protect major streets from undue congestion and hazard. We are not called upon to determine whether, as the township urges, other provisions of the ordinance imposed upon the appellee the burden of proof and whether, if such is the case, the appellee carried that burden with respect to traffic congestion. *See Derr Flooring Co. v. Whitemarsh Township Zoning Board,* 4 Pa. Commonwealth Ct. 341, 285 A. 2d 538 (1972). In fact the appellee adduced no evidence relating to traffic on Easton Road or the effect or absence of effect thereon of the proposed car wash. The protestants testified at length and with considerable specificity on this subject. If the protestants had the burden in this regard, they assumed and carried it. This evidence, in our view, amply supported the Board's decision adverse to the application.

As in our case of *Cherbel Realty Corp. v. Zoning Hearing Board,* 4 Pa. Commonwealth Ct. 137, 285 A. 2d 905 (1972), the anticipated increase and congestion of traffic are proper considerations where special exceptions are sought for gasoline service stations and car washes. That case and *Blair v. The Board of Adjustment,* 403 Pa. 105, 169 A. 2d 49 (1961) are strong authority for our conclusion that the Zoning Hearing Board of Abington Township on this record did not abuse its discretion.

Order reversed.