West Whiteland Township, Appellant, *v.* Sun Oil Company, Appellee.

160

Argued October 5, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*William H. Lamb,* with him *Lamb, Windle & McErlane,* for appellant.

*Ronald M. Agulnick,* with him *Agulnick & Talierco Assoc.,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 19, 1974:

This is an appeal from an Order of the Court of Common Pleas of Chester County which reversed a denial by the West Whiteland Township Hearing Board of an application for a special exception by Sun Oil

Company (Appellee) to construct and operate a gasoline service station in an I-1 Industrial District.

Section 41.01 of the applicable Zoning Ordinance provides in pertinent part:

"Uses. In any I-1 district, land buildings or premises shall be used for only one or more of the following uses or any other use of the same general character which does not constitute a nuisance or is not offensive by reason of the emission of objectionable odor, noise, heat, smoke, dust, fumes, gas, vibration or water borne waste, when permitted by the Board of Adjustment as a special exception: (listing 30 enumerated uses).

"29. Gasoline service station."

Appellee, as equitable owner of a one acre plot of vacant land located at the southwest corner of Ship Road and Route 30 in West Whiteland Township, applied for a permit in 1971 to construct a gasoline service station. Route 30 at this location is a two-lane highway, with a middle turn lane, and the intersection with Slip Road is controlled by a traffic-tripped stop light. Located at the northeast corner of the intersection are a small rectory, church and elementary school attended by 460 students of Sts. Phillip and James Parish. A chapel affiliated with the church is situated at the southeast corner, and the remaining corner is occupied by the Ship Inn, a local restaurant.

Although the proposed use complied with all applicable building, lot size, setback and yard requirements of the Township, the zoning officer denied the application, construing Section 41.01 to permit gasoline service stations only by special exception. An appeal was then taken to the West Whiteland Zoning Hearing Board (Zoning Board) which, after three hearings marked by a level of acrimony unusual even for petitions of this nature, denied Appellee a special exception on February 1, 1972. The apparent basis of this decision is evidenced by the contested findings of fact which we feel constrained to set out in full:

"19. A school speed limit illuminated flasher controls speed on Route 30, which signal will be located at a point 14 feet from the paved surface of the nearest traffic lane and thus decrease the visability of the sign by approaching traffic.

"21. Route 30 has a dip downward both east and west of the site of the proposed service station, with the intersection being at the crest of the rise, creating a blind spot for vehicles attempting to exit from the proposed service station on to Route 30.

"22. In addition to the sale of gasoline, it is contemplated that accessory items will be displayed and sold, some of which will be stored outdoors, repair work will be conducted both in and out of the building and vending machines will be on the premises for the sale of food and drinks.

"23. There are four Sun Oil Company service stations within a two mile radius of the proposed site.

"24. The location of the proposed service station will result in abnormal traffic patterns.

"25. The impact of an additional service station in the area wherein 15 other service stations are in operation will substantially injure and detract from the neighboring properties.

"26. The proposed use will cause an increase in traffic congestion.

"27. The proposed service station will create a danger and congestion resulting in a hazard to safety.

"28. The proposed use will result in excessive emissions of fumes, odors and noise.

"29. The proposed use represents an added risk to the safety of the school children attending Sts. Phillip and James School.

"30. The present use of the properties adjacent to the site of the proposed service station will not be adequately safeguarded."

Appellee timely appealed the denial of a special exception to the court below, and subsequently filed a complaint in mandamus in the same court asserting for the first time that Section 41.01 permitted gasoline service stations throughout the I-1 district as a matter of right. This action was consolidated for argument with the appeal from the Zoning Board, but the question of the construction to be given Sections 41.01 was not reached by the lower court as it found, by an Opinion and Order dated December 14, 1972, that the Board abused its discretion and committed numerous errors of law in refusing Appellee a special exception.[1] West Whiteland Township, as representative of the protestants, appeals this decision to this Court.

Our scope of review, as well as that of the lower court not having taken additional evidence, is limited to a determination of whether or not the Zoning Board committed an abuse of discretion or an error of law. *Marple Township Appeal*, 440 Pa. 508, 269 A. 2d 699 (1970) ; *Clawson v. Harborcreek Zoning Hearing Board*, 9 Pa. Commonwealth Ct. 124, 304 A. 2d 184 (1973) ; *The Boulevard Land Corporation v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 584, 303 A. 2d 234 (1973). If a zoning board's findings of fact are unsupported by substantial competent evidence of record, it has committed a manifest abuse of discretion. *DeCristoforo v. Philadelphia Zoning Board of Adjustment*, 427 Pa. 150, 233 A. 2d 561 (1967). After a careful review of the record, we must agree with the lower court that many of the contested findings of fact are either legally irrelevant or totally devoid of supportive competent evidence. We also agree that the evidence presented by the Township and other protestants falls

---

[1] Similarly, our disposition of the issues raised on appeal from the denial of the special exception obviates any necessity to reach this question which we think is not without merit.

far short of proving that the gasoline service station proposed by Appellee would have a greater impact on the public interest than is normally incidental to such a use. Hence, we affirm.

The questions raised on appeal from the Zoning Board's denial of a special exception were ably handled by the court below, per Judge KENT, and we see no reason now to rehash the Zoning Board's errors, finding of fact by finding of fact. Suffice it to say that, if Section 41.01 is interpreted to permit gasoline service stations only by special exception, Appellee has brought itself within one of the uses permitted thereunder, and thus the burden was on the protestants to prove the proposed use, in its normal operation, presented a danger to the public health, safety and general welfare. *City of Pittsburgh v. Herman*, 7 Pa. Commonwealth Ct. 243, 298 A. 2d 624 (1973) ; *Sanko v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 73, 293 A. 2d 141 (1972).

Other than residents of the Township who simply voiced their objection to the proposed gasoline station, the Township case consisted of the testimony of five witnesses. Three of these witnesses, the parish priest, the principal of Sts. Phillip and James School, and a parent of a child attending the school, expressed the fear that the potential noise and traffic generated by the station would distract the school children from their studies, and might lure some children across Route 30 in search of candy or soft drinks possibly vended by the station. The only competent evidence of the expected noise level, however, indicated that it would not exceed, even at its peak levels, the noise of traffic on Route 30; and as to traffic congestion, the Township's traffic expert admitted that the station, *itself*, would not have a significant impact on traffic conditions at the intersection.

This latter witness, basing his estimate on a marketing analysis done by the Rouse Company, testified that the proposed station would contribute to the projected traffic congestion primarily generated by the then-under construction Exton Mall. Such a criterion, however, would visit the wistful sins of future large-scale development on any other landowner in the area with aspirations of commercially developing his lot, and, standing alone, is not a sufficient reason to deny a landowner the legitimate use of his land. *See Lower Merion Township v. Enokay, Inc.,* 427 Pa. 128, 233 A. 2d 883 (1967); Ryan, *Pennsylvania Zoning,* §§5.3.3 (1970). "A board of adjustment may be able to control traffic at a given intersection, but the special exception power can have little impact on congestion arising from broader causes. If the municipal legislators believe that population or traffic has become too concentrated in an area, that judgment will be reflected in the zoning ordinance itself. If instead the ordinance permits intensive development, it is not up to the Board to say 'no.' For example, if the ordinance permits gasoline stations on a congested through highway by special exception, it is appropriate to consider (i) the effect of a concentration of specific uses in the immediate area, or (ii) the question whether the particular gasoline station is so located or designed so as to be especially dangerous given the existing traffic flow. But the board may not deny the application on the ground that the through highway is overcrowded, for control of that problem lies elsewhere than with the board of adjustment." Ryan, *Pennsylvania Zoning,* §5.3.2 (1970).

Two of protestant's witnesses, a Township supervisor and a resident, testified that there were four Sun Oil and more than ten other competing service stations within a two mile radius of the proposed site. The thrust of this complaint, however, went to the economic impact of the proposed station on those in existence or

to the desirability of or need for additional motor vehicle service stations, and thus was irrelevant to the grant or denial of a special exception: *Blair v. Board of Adjustment*, 403 Pa. 105, 169 A. 2d 49 (1961); *Appeal of Gulf Oil Corporation*, 15 Ches. Co. Rep. 119 (1967). Neither witness was competent to testify to—nor was there other competent evidence of record of—whether the proposed station and those already concentrated in the area would result in abnormal traffic patterns or would otherwise have a deleterious impact on the character of surrounding properties, thus distinguishing *Blair v. Board of Adjustment, supra*,[2] *Cherbel Realty Corp. v. Zoning Hearing Board*, 4 Pa. Commonwealth Ct. 137, 285 A. 2d 905 (1972); and this Court's recent decision in *Township of Abington v. Rocks Associates, Inc.*, 11 Pa. Commonwealth Ct. 95, 312 A. 2d 98 (1973).

The Township mistakenly relies upon our decision in *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 290 A. 2d 715 (1972), a case strikingly similar to the instant appeal. In *Konyk*, we reversed a zoning board's denial of a special exception for a gasoline station in a business district as the protestants failed to sustain their burden of proof. Therein we said: "The Legislature in providing for special exceptions in zoning ordinances has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than which might be expected in normal circumstances. (Citations omitted.) The burden is on the township and the protesting

---

[2] *Blair* is also factually distinguishable in that the concentration of service stations there was five within 350 feet, whereas here the radius of concentration given to us is two miles.

neighbors, if there are any, to prove by evidence that the impact of the requested use in its normal operation would be injurious to the public health, safety and welfare." (Emphasis in original, citations omitted.) *Konyk, supra,* at 470, 471, 290 A. 2d at 718.

As in *Konyk,* the protestants here failed to present any proof of the specific, *abnormal* adverse effects of *Appellee's* requested use. Contrary to the Zoning Board's finding of fact #21, the record is clear that the operation and means of ingress and egress from the proposed station presented no danger other than that necessarily associated with such a use. The station would generate little traffic, itself, independent of the anticipated congestion from the Exton Mall, and the expected noise level of the station fully complied with the applicable provision of the Zoning Ordinance. After a careful review of the record, we cannot say that protestants have established by "a high degree of probability" that the proposed gasoline service station "will effect the safety and health of the community." *Archbishop O'Hara's Appeal,* 389 Pa. 35, 53, 54, 131 A. 2d 587, 596 (1957); *see also Lower Merion Township v. Enokay, Inc., supra; Zoning Hearing Board of West Whiteland Township v. Slavitz,* 3 Pa. Commonwealth Ct. 495, 284 A. 2d 337 (1971).

Accordingly, we enter the following

### ORDER

AND Now, this 19th day of February, 1974, the decision of the Court of Common Pleas of Chester County is hereby affirmed.