## Bogar v. Zoning Hearing Board

*Donald Corriere,* for appellant.
*Frank J. Danyi,* contra.

GRIFO, J., August 7, 1974.—Appellant applied for a variance to erect a sign at the location of his business in Bethlehem Township, Northampton County, Pa. The township zoning officer denied the application; the zoning hearing board,[1] after a hearing, upheld this denial on the grounds that:

(1) the sign had a surface area greater than 300 square feet, in violation of section 1507.31. subparagraph 8 of the Bethlehem Township Zoning Ordinance;[2]

---

[1] The zoning hearing board treated the appeal as one from an application for a special exception and/or a variance. Since both of the parties have treated the matter as a special exception in their briefs, we consider it as such.

[2] That provision allows the board to consider a special exception:

"For the Erection and Use of a Sign of Greater Surface Area, Different Use or Lesser Setback in Any Zoning District.—Where not interpreted as to be permitted by the sign regulations, provided: (a) any such sign shall not have a surface area greater than 300 square feet; (b) it shall meet all the requirements of the Building Ordinance, if and when one is adopted or if the Building Ordinance is not in effect and the proposed sign is greater than 50 square feet in surface area it shall be designed by a legally

(2) there was no evidence that the sign would meet the standards of the applicable building codes;

(3) there was no evidence that granting a special exception for the sign would be in the best interest and general welfare of Bethlehem Township;

(4) there was no evidence of hardship if the application was denied.

This court has taken no testimony, so the scope of our review of the action of the zoning hearing board is limited to ascertaining whether an error of law or a manifest abuse of discretion was committed: Stack v. Episcopal Residences, Inc., 4 Comm. Ct. Pa. 145, 285 A. 2d 925 (1972).

The proposed sign consists of four panels attached to vertical posts, with spaces between each of the panels, resembling somewhat rungs on a ladder. The area of the four panels themselves is 122 square feet on each side. Even if we were to take into account the area on both sides of the panels, since they are lettered on both sides; the total area of the panels would be 244 square feet, well within the 300-foot limit of section 1507.31(8). However, the township argues that to the area of the panels must be added the area of the spaces between the panels on both sides of the sign (28 square feet on each side, or a total of 56 square feet), plus the area of the supporting posts on both sides of the sign 22½ square feet on each side, or 90 square feet. If all these areas are added, the surface area of the sign totals 390 square feet, in violation of section 1507.31(8). Thus, we are faced with the question of whether the size of a sign is the total surface area within its outermost borders, or only the surface area of the portions of the sign carrying its message.

competent engineer or architect; (c) it shall not be a traffic hazard; and (d) it can be shown that such exception is in the best interests and general welfare of the Township."

The only instructive Pennsylvania case is Stockburger v. Newtown Borough Board of Adjustment, 27 D. & C. 2d 633 (1962), where the court indicated (at page 640) that the area of a sign includes "not only the area of the actual lettering, but also whatever other portions of the structure would, under any reasonably likely circumstances of operation, have the appearance of constituting the background for the lettering." We adopt this definition. In the case at bar, the vertical supporting posts do not appear to serve as a background or frame for the lettering. Hence, their surface area should not have been included in calculating the surface area of the sign, and, without considering the propriety of any of the other calculations, we find that the surface area of the proposed sign does not exceed 300 square feet.

The township's second reason for denial has been met by appellant's agreement to have the sign erected by a legally competent engineer in compliance with all applicable building codes.

The township's third reason for denial is based on a misconception of the burden of proof. Once an applicant brings himself within the use permitted by a special exception, the burden of proving adverse effect shifts to the protestants: Simmers et al. v. Rorer, 12 Comm. Ct. 37, 315 A. 2d 364 (1974). This is not changed by the ordinance, since the language of section 1507.31(8)(d) is too vague to shift the burden of proof to the applicant: Derr Flooring Co., Inc. v. Whitemarsh Township Zoning Board of Adjustment, 4 Comm. Ct. 341, 285 A. 2d 538 (1971); Cherbel Realty Corp. v. Zoning Hearing Board, 4 Comm. Ct. 137, 285 A. 2d 905 (1972). Here, it is conceded that no evidence was presented to satisfy the township's burden. If a zoning board's findings are unsupported by substantial competent evidence, it has committed a mani-

fest abuse of discretion: West Whiteland Township v. Sun Oil Co., 12 Comm. Ct. 159, 316 A. 2d 92 (1974).

The township's final reason for denial of the application is also based on a misconception of law. An applicant for a special exception is not required to establish, as in the case of a variance, that some hardship would result if his application were refused. See, e.g., Gage Zoning Case, 402 Pa. 244, 167 A. 2d 292 (1961).

Wherefore, the court enters the following:

## ORDER

And now, August 7, 1974, the Zoning Officer of Bethlehem Township, Northampton County, Pa., is directed to approve the application of appellant for a special exception to erect a sign in accordance with all applicable building codes.