546 A.2d 1334

Rachel Marie Johnson, Appellant *v.* North Strabane Township and North Strabane Township Zoning Hearing Board, Appellees.

Argued March 25, 1988, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*E. J. Julian,* for appellant.

*Francis C. Sichko,* for appellees.

OPINION BY JUDGE SMITH, September 2, 1988:

Rachel Marie Johnson (Appellant) appeals from the order of the Court of Common Pleas of Washington County which affirmed the decision of Appellee North Strabane Township Zoning Hearing Board (Board) denying Appellant's application for a special exception[1] to operate a personal care home for adults[2] as a "Use Not Provided For" under the township zoning ordinance. Issues presented are whether the Board abused its discretion in treating a licensed personal care home and a motel similarly where the zoning ordinance fails to provide for such care homes, but does provide for motels in commercial districts and nursing homes in residential districts; and whether this Court should overrule its holding in *Peters Township v. Dotter,* 79 Pa. Commonwealth Ct. 1, 469 A.2d 319 (1983).

---

[1] Special exceptions are not "exceptions" to zoning ordinances. They represent permitted uses to which an applicant is entitled unless a zoning hearing board determines according to zoning ordinance standards that the use would adversely affect the community. *Zoning Hearing Board v. Slavitz,* 3 Pa. Commonwealth Ct. 495, 284 A.2d 337 (1971).

[2] Personal care homes for adults are defined as: "Any premises in which food, shelter and personal assistance or supervision are provided for a period exceeding twenty-four hours for more than three adults who are not relatives of the operator and who require assistance or supervision in such matters as dressing, bathing, diet or medication prescribed for self administration." Section 1001 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §1001.

Appellant operated an adult personal care home in her personal residence located in a district zoned R-1 Residential-Agricultural for five years without zoning approval. She initially requested, but was denied, a special exception from the Board to conduct her personal care home operation as a "Home Occupation." Appellant appealed the Board's denial to the trial court but later abandoned the appeal. However, while this appeal was pending, Appellant filed a second application with the Board for a special exception to operate as a "Use Not Provided For" under the ordinance. After argument on the remaining appeal from denial of the second application and without taking additional evidence, the trial court dismissed Appellant's second appeal on the basis of *Peters Township*. This Court found in *Peters Township* that substantial evidence of record existed to support findings that a profit-motivated personal care boarding home was similar to a motel, hotel and other related facilities permitted in a commercially zoned area, and thus not within a provision of the ordinance encompassing exceptions as "Uses Not Provided For." Appellant then petitioned this Court for review.

Review by this Court, in an appeal such as here where no additional evidence is received by the trial court, is to determine whether the Board abused its discretion or committed an error of law. *Peters Township; Zoning Hearing Board v. Slavitz,* 3 Pa. Commonwealth Ct. 495, 284 A.2d 337 (1971). Moreover, Section 1010 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010, provides in pertinent part:

> If the record below includes findings of fact made by the . . . board . . . .whose decision or action is brought up for review and the court does not take additional evidence . . . ., the findings of the . . . board . . . shall not be disturbed

by the court if supported by substantial evidence. . . .

Appellant contends that nursing and convalescent homes are uses which are provided for in her district under the ordinance and that personal care homes are similar to and compatible with them contrary to the Board's conclusion that personal care homes for adults are similar to hotels, motels or apartment houses provided for in a commercially zoned district of the township. The Board found that a personal care boarding home was not defined in the ordinance and therefore construed it as a "Use Not Provided For" under Section 611 of the ordinance. Conclusions of Law No. 3, Hearing of February 9, 1987. Section 611 provides for uses neither specifically permitted nor denied in any district established under the ordinance and confers discretion in the zoning hearing board to permit the use if similar to and compatible with permitted uses in the district and does not conflict with the general purpose and intent of the ordinance.

Although nursing or convalescent homes may be permitted in this district, a personal care home could be viewed as dissimilar and incompatible in that it is not used for long-term inpatient care of the convalescent, ambulant or inambulant persons requiring full-time nursing care.[3] Conclusions of Law No. 8, Hearing of February 9, 1987; Conclusions of Law No. 10, Hearing of April 14, 1986.[4] The Board further concluded

---

[3] Robert Newmeyer, a licensing representative for the Office of Mental Health, Department of Public Welfare (DPW), which licenses personal care and nursing homes, testified that a personal care home does not fit within DPW's definition of a nursing home. Hearing of March 3, 1986, p. 21.

[4] The Board incorporated into its February 9, 1987 Findings of Fact and Conclusions of Law the facts and conclusions in its April 14, 1986 Findings of Fact and Conclusions of Law regarding Appellant's request for a "Home Occupation" exception.

that Appellant's personal care home is a boarding home for which a guest pays a fee for room and board and that no commercial establishments, including home occupations, hotels, motels, and boarding homes, exist along the road on which Appellant resides. Conclusions of Law Nos. 7, 9, Hearing of February 9, 1987. We find substantial evidence in the record to support the Board's decision and, accordingly, that no abuse of discretion or error of law was committed. We therefore decline to overrule *Peters Township* as the effect thereof would be to encourage judicial intrusion into a zoning hearing board's exercise of its discretion. *See Cresko Zoning Case*, 400 Pa. 467, 162 A.2d 219 (1960); *Borger v. Towamensing Township Zoning Board of Adjustment*, 39 Pa. Commonwealth Ct. 361, 395 A.2d 658 (1978). Further, Appellant fails to present persuasive arguments or unique facts upon which this Court should consider overruling its decision in *Peters Township*.

The trial court's decision is affirmed.

ORDER

AND NOW, this 2nd day of September, 1988, the decision of the Court of Common Pleas of Washington County dated June 23, 1987 is affirmed.