**Robert TALKISH, Barbara Talkish, William Morton and Mildred Milton**

v.

**ZONING HEARING BOARD OF HARBORCREEK TOWNSHIP and Brookside Fire Company**

v.

**Township of Harborcreek.**

**Brookside Fire Company, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1999.

Decided Sept. 8, 1999.

Timothy M. Zieziula, Erie, for appellant.

James R. Fryling, Erie, for appellees.

Before PELLEGRINI, J., FLAHERTY, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Brookside Fire Co. (Brookside) appeals from an order of the Court of Common Pleas of Erie County (trial court) which reversed the decision of the Harborcreek Township Zoning Hearing Board (Board) granting Brookside dimensional variances to construct a community center building (building). We reverse.

Brookside owns property on Athens Road which is zoned residential. Situated on the property is a firehouse and community center building, which does not meet front and rear setbacks. Use of the premises as a fire department and community center building preexisted enactment of the residential zoning classification. Firehouses and community centers are now permitted as conditional uses in the district. On March 11, 1996, Brookside applied for a building permit to construct a new community center building on its property in a different location. Brookside sought to build a new community center because the present community center which is constructed of steel has an outdated heating system, no air-conditioning and is subject to flooding. The zoning administrator denied the application because the proposed building would violate rear and side yard setbacks. Brookside applied to the Board for variances from the setbacks. The proposed building would have a rear set back of 47 feet, the ordinance requires 100 feet. The ordinance also requires 100 foot side set backs. The south set back has only 7 feet and the north side has 75 feet. After a hearing the Board granted the variances. On appeal, Appellees, who are adjacent home owners, filed a motion to permit the introduction of additional evidence. The trial court granted the motion and remanded the case to the Board for additional testimony. After a second hearing, the Board again granted Brookside's variances. On appeal, the trial court reversed the decision of the Board, con- cluding that Brookside was not entitled to the variances because it failed to prove that the property could not be developed in strict conformity with the provisions of the ordinance. This appeal followed.

■ Our review is limited to determining whether the Board committed an error of law or abuse of discretion. *Larsen v. Zoning Board of Adjustment of the City of Pittsburgh*, 543 Pa. 415, 672 A.2d 286 (1996).

Initially, Brookside maintains that the trial court erred in requiring it to prove that it was impossible to develop its property in conformity with the ordinance. Brookside argues that the recent Supreme Court case of *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 554 Pa. 249, 721 A.2d 43 (1998) is controlling. In *Hertzberg*, owners of a vacant building sought to use it as a lodging house for homeless women and sought dimensional and parking variances from the Board. The ordinance required 7100 square feet of space and ten parking spaces. The building contained only 3,409 square feet and none of the ten parking spaces. The Board granted the variances because the ten proposed sleeping rooms were necessary to utilize the structure to the most efficient degree, the building had been vacant for years and the building was uniquely suited for the use. The trial court affirmed and on appeal this court reversed, *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 687 A.2d 433 (Pa.Cmwlth.1996). We stated that the applicant failed to prove that, without the variance the property could not be used for any of the permitted uses in the ordinance. Absent a showing that the property cannot be used in a way and for a purpose consistent with the ordinance, there was no unnecessary hardship.

On appeal, the Supreme Court reversed, stating that compared to use variances, the quantum of proof necessary to establish unnecessary hardship for dimensional variances is less. "When seeking a dimensional variance within a permitted use, the

owner is asking only for a reasonable adjustment of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations." *Id.* at 257, 721 A.2d at 47. "To justify the grant of a dimensional variance, courts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Id.* at 264, 721 A.2d at 50. Whether the property is virtually valueless without the variance is but one factor to consider. The Supreme Court stated that the standard employed by this court of requiring an applicant to demonstrate that the building could not be used for any other purpose was incorrect. Thus, the Court reversed this court and remanded for additional findings concerning economic hardship, cost of complying with the zoning restrictions, etc.

■ Because like *Hertzberg,* this is a dimensional variance case, Brookside argues that the trial court erred in requiring Brookside to prove that it was impossible to develop the property in conformity with the setback requirements. We agree that in dimensional variance cases, *Hertzberg* requires that numerous factors be considered when evaluating whether an applicant has established unnecessary hardship and that the trial court erred in reversing the Board because Brookside did not prove that it was impossible to develop its property in conformity with the ordinance. As stated by the Supreme Court, this is just one factor to consider. In addressing the other factors, we observe that the Board concluded that Brookside suffers from an unnecessary hardship because the grade of the land along the west line of Athens Road is lower than that of the street itself,

which leads to storm drainage and flooding problems in the firehouse and existing community center. (R.R. at 203a.) Although the new community center could be positioned so as to comply with the north yard setback, the topography of the land, namely the flooding problems, prohibits such a placement. (*Id.*) Because of the flooding problems, there is no site on the premises where the community center can be built in compliance with the setback regulations. (R.R. at 200a.) The physical condition unique to the premises has resulted in storm drainage difficulties which could not be rectified absent expenditure of substantial sums to increase the grade. (R.R. at 204a.) The site for the placement of the new community center is on a grade that is above Athens Road, and it was chosen for this reason. (R.R. at 200a.) As to the characteristics of the neighborhood, the Board observed that a new community center would not adversely affect the neighborhood as a community center has existed prior to development of the residential uses in the area. In considering the factors for granting a dimensional variance as announced in *Hertzberg,* we agree with Appellant that it has met its burden of proving entitlement to a dimensional variance.

■ Appellees respond that the relaxed standard for dimensional variances announced in *Hertzberg* is only applicable to permitted uses. Here, the community center is not a permitted use but is a conditional use and as such Appellees argue that *Hertzberg* is not relevant.[1] We observe however "that a special exception is not an exception to a zoning ordinance but a use which is *permitted* unless, under the circumstances, such use would adversely affect the community...." *Heck v. Zoning Hearing Board for Harvey's Lake Borough,* 39 Pa.Cmwlth. 570, 397 A.2d 15, 18 (1979)(emphasis added); *John-*

---

1. Although the existing community center predates enactment of the ordinance and is non-conforming, community centers are now authorized in the district as conditional uses.

As such, construction of a new community center would be permitted as a conditional use.

*son v. North Strabane Township,* 119 Pa. Cmwlth. 260, 546 A.2d 1334 (1988), *petition for allowance of appeal denied,* 521 Pa. 625, 557 A.2d 727 (1989). Because conditional uses are permitted uses, the standard for the granting of dimensional variances set forth in *Hertzberg* is applicable.

Appellees' also argue that *Hertzberg* is distinguishable because in that case, the owner was not attempting to add more space than permitted by the ordinance, but rather sought to make do with the size of the building, which was smaller than the zoning requirements. However, the language of *Hertzberg* does not state that the relaxed standard for obtaining a dimensional variance applies only where an applicant is seeking to use an already existing building, and we decline to read it so narrowly. In fact, the Supreme Court states that the initial consideration must be whether the applicant is seeking a use or dimensional variance. Because, as here, Brookside is seeking a dimensional variance, the quantum of proof necessary to establish unnecessary hardship is less and in determining whether an applicant has met this burden we are to consider multiple factors. *Id.* at 258–59, 264, 721 A.2d at 48, 50.

Because of our disposition of Brookside's first issue, we need not address Brookside's argument that the new building is a permitted alteration of a non-conforming use.

Accordingly, the order of the trial court is reversed.

### O R D E R

NOW, September 8, 1999, the order of the Court of Common Pleas at No. 11683–1996, dated November 4, 1998, is reversed.

Judge PELLEGRINI concurs in the result only.