Nancy CARDAMONE, Appellant,

v.

**WHITPAIN TOWNSHIP ZONING HEARING BOARD and Whitpain Township.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 22, 2000.

Decided April 5, 2001.

George J. Ozorowski, Plymouth Meeting, for appellant.

J. Pierce Anderson, Blue Bell, for appellees.

Before SMITH, Judge, KELLEY, Judge, RODGERS, Senior Judge.

KELLEY, Judge.

Nancy Cardamone appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which dismissed Cardamone's appeal from a decision of the Zoning Hearing Board of Whitpain Township (Board) and affirmed the Board's decision. We affirm.

Cardamone is the owner of property located at 876 Rabbit Run Road, Blue Bell, Pennsylvania, and is located in a R 2 residential zoning classification. A one-story, single-family dwelling and a freestanding garage are located on the property. The property is one hundred and twenty feet wide and three hundred feet deep. The topography of the property is flat.

On September 28, 1999, Cardamone filed an application for a dimensional variance. The dimensional variance was needed because Cardamone wanted to subdivide the property into two lots thereby creating a

rear lot. The rear lot would be sold to a local builder for profit. ·Cardamone planned to widen the existing driveway and create a thirty-seven foot wide common driveway for the two-lot subdivision. To accomplish this task, Cardamone would have to remove the existing garage and several large mature trees.

Section 160–203.2 of the Whitpain Township Zoning Ordinance of 1950 (Ordinance), *as amended*, requires that each flag or rear lot have access to a public street by having a width of not less than twenty-five feet each when a common driveway for two lots with a cross easement is utilized. Cardamone's property only has forty feet of frontage on the public road; therefore, she cannot meet the zoning requirements under Section 160–203.2 of the Ordinance. .Accordingly, Cardamone requires a dimensional variance to allow for a fee-simple access strip for the rear lot of twelve feet instead of the required twenty-five feet under the Ordinance. Cardamone also requested a dimensional variance for the aggregate frontage on the road to be thirty-seven feet instead of the required fifty feet.

A public hearing was held before the Board. After taking testimony from Cardamone and several protesting neighbors, the Board voted unanimously against Cardamone's dimensional variance request. The Board found that Cardamone did not prove that the property is subject to any unique physical conditions, that an unnecessary hardship existed, that her proposal would not have an adverse effect on the public welfare and that the property is subject to any legal hardship sufficient to justify the grant of a variance.

Cardamone appealed the Board's decision to the trial court. Without taking any additional evidence, the trial court deter-mined that the Board did not abuse its discretion by denying Cardamone's dimensional variance request. In reaching its decision to affirm the Board's decision, the trial court considered the standard set forth by our Supreme Court in *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 554 Pa. 249, 721 A.2d 43 (1998), for determining whether unnecessary hardship has been established when a dimensional variance is requested. This appeal followed.

Herein, Cardamone raises the issue of whether the Board committed an abuse of discretion or an error of law in denying Cardamone's request for dimensional variances in accordance with the standards set forth in *Hertzberg*.

 Initially, we note that in an appeal from the grant or denial of a zoning variance where, as here, the trial court has not taken any additional evidence, this Court's scope of review is limited to a determination of whether the zoning hearing board committed an error of law or abused its discretion. *Hill District Project Area Committee, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh*, 162 Pa.Cmwlth. 323, 638 A.2d 278, *petition for allowance of appeal denied*, 538 Pa. 629, 646 A.2d 1182 (1994). An abuse of discretion will only be found where the zoning board's findings are not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Teazers, Inc. v. Zoning Board of Adjustment of the City of Philadelphia*, 682 A.2d 856 (Pa.Cmwlth. 1996).

Pursuant to Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC),[1] in order to qualify for a variance,

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10910.2, *added by* the Act of Decem-

an applicant must establish that (1) an unnecessary hardship stemming from unique physical characteristics or conditions will result if the variance is denied; (2) because of such physical circumstances or condition, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship has not been created by the applicant; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief. *See also Hertzberg.*

In *Hertzberg*, with respect to the application of the first part of the test regarding whether or not unnecessary hardship will result from the denial of the variance, our Supreme Court held that to justify the grant of a dimensional variance, courts may consider multiple factors. *Hertzberg*, 554 Pa. at 264, 721 A.2d at 50. The factors include economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood. *Id.*

Herein, Cardamone argues that she is entitled to the grant of the requested dimensional variances because the application of Section 160–203.2 of the Ordinance to her property inflicts an unnecessary hardship upon the property and because the proposed relief, if granted, will not have an adverse impact on the health, safety and welfare of the Township. Cardamone contends that she presented sub-

stantial evidence that she is entitled to the grant of the requested dimensional variances in accordance with *Hertzberg* and this Court's decision in *Talkish v. Zoning Board of Harborcreek Township*, 738 A.2d 50 (Pa.Cmwlth.1999), *petition for allowance of appeal granted*, 562 Pa. 631, 757 A.2d 366 (2000).[2]

Cardamone argues that her property is large enough, wide enough and deep enough to accommodate two single family lots which would be consistent with the character of the neighborhood in which the property is located. Cardamone contends that the physical characteristic of the property, which has limited frontage on a public road, prevents the subdivision of the property without the requested dimensional relief. Cardamone argues that the Board improperly relied on the traditional elements for granting a variance in support of a decision denying the requested dimensional variances. Cardamone contends that the Board did not consider the relaxed standard, which should be used in a request for dimensional variances. Finally, Cardamone argues that she is entitled to the requested dimensional variances as the Board committed an error of law and abused its discretion in applying the incorrect standard.

This Court agrees that the Board did not specifically apply the relaxed evidentiary standard for dimensional variances as set forth in *Hertzberg*. However, this does not automatically result in Cardamone being entitled to the requested dimensional variances. In *Hertzberg*, the Supreme Court was clearly applying the relaxed standard to the first requirement of the five criteria required for the grant a variance as set forth in Section 910.2(a) of the

ber 21, 1988, P.L. 1329.

**2.** The petition for allowance of appeal granted by the Supreme Court in *Talkish* is limited to the issue of whether the Supreme Court's

holding in *Hertzberg* overrules the requirement that an applicant for a variance present substantial evidence of all five requirements set forth in Section 910.2(a) of the MPC.

MPC. Moreover, the applicable ordinance requires that an applicant establish that allowance of the variance will not be contrary to the public interest. Section 160–229.B of the Ordinance. In determining whether a variance is contrary to the public interest, the Board must consider, *inter alia,* whether the application, if granted, will be detrimental to appropriate use of adjacent property. Section 160–229.C of the Ordinance.

Herein, the Board found that no evidence was presented to show that the property is subject to any unique physical conditions, that the property cannot be reasonably used in conformity with the Ordinance or that any other legal hardship exists. The Board found that the property was currently occupied as Cardamone's residence. The Board found further that the evidence was conflicting as to whether Cardamone's property would be detrimental to the use of adjacent property; therefore, Cardamone did not sustain her burden of proving that no such detriment would exist.

Upon review, the trial court first applied the burden under the MPC and concluded that Cardamone did not meet her burden. The trial court concluded that: (1) there is no evidence that the subject property has any unique physical conditions; (2) there is no evidence that a variance is needed to enable reasonable use of the property because Cardamone is currently using the property as a residence; (3) any hardship created in this case is self-imposed by Cardamone desiring a subdivision; and (4) there is evidence that Cardamone's proposal is against the public welfare because several neighbors expressed concern over health issues, drainage problems, congestion and emergency access.

Next, the trial court applied the relaxed evidentiary standard with respect to unnecessary hardship and concluded that Cardamone did not meet the lessened burden of unnecessary hardship under *Hertzberg.* The trial court concluded that Cardamone could not establish unnecessary hardship based upon the potential economic loss from the sale of an additional lot. The trial court concluded further that Cardamone has an existing dwelling on this lot and accordingly is not denied reasonable use of the land. In addition, the trial court determined that the present case was the absolute opposite of *Talkish* because in *Talkish* this Court held that the landowner suffered from unnecessary hardship because of a unique flooding problem that made the property virtually useless absent the variance. The trial court pointed out that, herein, Cardamone makes reasonable use of her property as her residence.

Finally, the trial court concluded that Cardamone did not meet her burden of proof with respect to the public welfare issue. The trial court noted the conflicting testimony from the neighbors that their health, safety and welfare would be adversely affected.

■ We agree with the foregoing reasoning of the trial court in this case. Even applying the relaxed standard for unnecessary hardship as set forth in *Hertzberg,* the Board's denial of the requested dimensional variances was proper. In addition to the trial court's conclusions, we add, with respect to the factor regarding the characteristics of the surrounding neighborhood, that the evidence reveals that the neighborhood in which Cardamone's property is located consists of large back yards and open spaces. *See* Reproduced Record (R.R.) at 9a, 23a–25a, 29a, 31a, and 34a. Thus, subdividing the property and building a home in what is essentially Cardamone's back yard would not be in keeping with the characteristics of the surrounding neighborhood.

We also note that the Supreme Court in *Hertzberg* formulated a relaxed evidentiary standard with respect to dimensional vari-

ances to enable an applicant to obtain the necessary variances when that applicant is attempting to rehabilitate a neighborhood by renovating a building in a blighted area. *See Hertzberg,* 554 Pa. at 264, 721 A.2d at 50. That is clearly not the case here. Herein, Cardamone testified that she is seeking to subdivide her property in order to obtain funds to improve her current residence. R.R. at 14a.

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 5th day of April, 2001, the order of the Court of Common Pleas of Montgomery County at No. 99–20721, dated August 10, 2000, is affirmed.